Good morning, Your Honors. May it please the Court, Edward Hoffman, on behalf of the appellant Wallace Steffen. If the Court will permit me, I'd like to continue identifying Wallace and his sister Linda Steffen by their first names for the sake of clarity. Now this case, as you know, started with a probate action in Ohio, and the Ohio probate case was complicated. If this adversary case, what if this adversary case gets a trial, it will be less complicated. But what we're dealing with now is a summary judgment, and the summary judgment is straightforward. Linda did what we used to call, back in the old days, she used offensive collateral estoppel. She is a plaintiff who came in and said, I win without trial because everything, every issue in this case has already been actually litigated and necessarily decided. Wallace responded with a list of six or seven issues which he said, A, qualified as issues, and B, were not actually litigated and or necessarily decided. One of those issues was his reliance on advice of counsel. Another of those issues was whether he was a fiduciary duty to, whether he owed a fiduciary duty to Linda at the time some of the transfers were made. Linda, let's take that second point first because that seems to be referenced. But in looking at the briefing, I'm not seeing it that developed. As to the question of whether this was acting as a fiduciary duty to Mrs. Stephan.  Well, I agree that it isn't as detailed as it could have been. But it did, it's raised as an issue. It's notified an issue. That's all the development that I have seen. Well, I do discuss it. What I'd like to do, if I may, is while my opposing counsel is arguing, I'd find the pages and cite them when they come back if the court will allow me to do that. Okay, thank you. You want to continue that, though, on the merits, though? Because I have a problem saying at that point that the breach was to the trust. There really is no entity for the trust. The only affected party is Mrs. Stephan. So how does that work? Who should have been complaining for the trust in that regard? It's a fair question, Your Honor. And I'd like to point out the issue here isn't so much whether Wallace was Linda's fiduciary, it's when. His argument was that while their father was still alive, he only owed a fiduciary duty to his father. Linda was a contingent beneficiary. There was no assurance that the trust would have any assets left after their father passed because, you know, keeping an elderly person going takes money. And that he only acquired fiduciary duties toward her after their father died. And a lot of these transactions, the trial judge in Ohio referred to them as pre-2013 transfers. Their father died in 2015. So under Wallace's argument, he wasn't Linda's fiduciary then. But their damages arose from a breach of fiduciary duty. At least we can agree on that. Well, I will accept it as a premise for now. But I don't know that I agree on that. But if it was a breach of fiduciary duty, it was a duty that he owed to their father and not to her. Which resulted in damages to her. Yes. I would agree with that. But the fact that something causes damages does not mean that it was a breach of fiduciary duty to the damaged person. Now, let me, maybe, wouldn't the Ohio court decide on that? Did the Ohio court allow Mrs. Stephan to recover from Mr. Stephan for these losses during the father's life? It did. But it did so without evaluating whether anything changed in terms of fiduciary duty when their father died. Is that a question of Ohio trust law or is that a question of 523? It is a question of Ohio trust law. Is it? But why is that not preclusive? It's not preclusive. Even if the court got it wrong? Well, if the court got it wrong, it would mean that the court considered the issue and made an incorrect ruling. What I'm saying is that there's no indication the court did consider the issue. Was that a judgment in favor of Mrs. Stephan, right? Yes. Well, this is what collateral estoppel and res judicata, which we now call claim preclusion, are about. It's the fact that sometimes you get a judgment which either didn't address issues or glosses over issues or maybe issues hadn't been raised in the trial court. And then when somebody asserts these claims later, the question becomes, was it actually litigated? But the difference is you don't get to say, gee, it was wrong anymore. That's exactly correct. What you get to say is there's something else that this court has to decide, this court gets to decide, because the other court didn't. Yes, I agree with that 100%. And under most states' laws, you assume that the state court decided anything it had to decide to support the judgment, whether it's expressed or not. Is that correct under Ohio law? Do you know? Well, I know it's generally a correct statement of law. Offhand, I don't know if it's a correct statement of Ohio law, but it probably is. It might be a different issue. No, never mind. But, you know, you presume that it happened. That doesn't mean it's an irrebuttable presumption. Otherwise, how can anybody argue that an issue wasn't actually litigated, wasn't necessarily decided? There is a decision. Was this issue necessary to that decision? The same intent might not have mattered in Ohio the way it might matter here, right? That's the question. Well, that is a question. Okay. But what I've pointed out in one part of the brief, I've at least quoted the language where the court, the language that Linda quotes where the court said, oh, you know, you were acting in bad faith from this day to this day. And, according to Linda, that shows that the court considered whether the fiduciary status changed when the father died. But what the court was talking about was the exoneration clause. Linda was asserting clauses of action against Wallace. Wallace invoked the exoneration clause and said, I have this shield. What the court said was, you only have the shield if you acted in good faith. You didn't. Therefore, you don't have the shield. This doesn't block her claims. It did not say that her claims were correct, at least not in that language. But that's the language that they cite in order to show, supposedly, that the court considered this. They point to nothing where the court says, oh, okay, here's why he was Linda's fiduciary even before their father died. Or, here's why it doesn't matter whether Wallace was Linda's fiduciary before their father died. There's nothing like that. Imagine a press conference, if you will, where there's a reporter talking to a public figure. And their question is, well, can you show us that you actually addressed this question? And the guy says, well, no, I said this instead, right, this quote that doesn't address the question. That would be nonresponsive. So I think the difference is, unlike a press conference where we presume the opposite of this, we presume judgments are correct. A press conference would probably presume they're not. So we assume that the court did everything it had to do to make that judgment. So if it's necessary to sustain the judgment the Ohio court rendered to say, yes, he owed a fiduciary duty to the prevailing plaintiff during this period of time, isn't there preclusion on that point? Well, it's not necessary to say that because the court, even if the issue was properly raised before the court, that might show that it was actually litigated, but it would not show that it was necessarily decided because courts sometimes just miss things. And that, I respectfully submit, is why. That's the problem I think that insurance is getting to. If it's an element of the relief that is awarded, right, such as fraud, in this case, breach of fiduciary duty, then that has to be established for purposes of preclusion, doesn't it? Because you cannot, whatever you can do or not do, you can't get around the debt that the Ohio court imposed on your client. That's full faith credit. We have no ability to change that. Correct. Right? So as part of that claim that is now, we are obligated to give full faith credit, then all of the attendant elements of that have to have been established as a matter of law, don't they? Well, that's certainly how it should work. Our argument is that there's no evidence that it did work that way here. And, you know, the court can presume that things happened, but that doesn't mean the court can't consider evidence that they didn't happen, can't consider arguments. What is the evidence specifically? What is it that you want to establish that did not happen? That the court did not rule that Wallace had, or whether Wallace had, one way or the other, a fiduciary duty to Linda before their father died in 2015. But the question is, you don't dispute that Wallace had a fiduciary duty to the trust, regardless of the time, correct? Correct. And you don't dispute that as a result of that obligation, the Ohio court awarded Linda damages for breach of that fiduciary duty. I agree. That's what the court did. Now, I am mindful of the time, Your Honors. If I may, I'd like to turn now to the issue about reliance on advice of counsel. Here is what the trial court said in response to that argument. You mean the bankruptcy court? Yes, I do mean the bankruptcy court. Thank you. It said, defendant's failure to properly assert a defense in a prior proceeding does not give defendant the opportunity to raise it later. That is at page 788 of the appendix in Exhibit 14. Of course it does. That is what issue preclusion is about. Let me ask you this. There's two ways advice of counsel could come in. One is if it is an affirmative defense to the underlying claim. The other way is to negate, potentially, an argument that the state of mind exists. So is advice of counsel an affirmative defense under Ohio law to a claim of breach of fiduciary duty? Well, it is an affirmative defense under Ohio law. It cited authorities to that effect. Right. I'm not aware of any authorities that say otherwise. That's the best answer I can give right now. If the court would allow me, I can find authorities. But if it's the latter situation, if it's just evidence to negate state of mind, then there would be preclusion on that point, correct? Issue preclusion. Yes, I think there would be on that point. But under the accuracy court's reasoning, if one party says everything has already been actually litigated and decided and it's impermissible for the other side to point out issues that weren't actually litigated and decided, then it's a no-win scenario. What is the issue that is decided? Because reading the decision based upon the, as you indicated, your client's invocation of the exoneration clause, the court did find that there was gross negligence and beyond by your client. It made that factual finding. I agree. I agree. So that is all that is needed for desalcation. Why do you get to attack that regardless of advice of counsel, which was that issue was not raised, but the issue that's pertinent is the mental state, which was specifically found. It was specifically found in the absence of an allegation of reliance on advice of counsel. It doesn't matter. That is not an element for gross negligence. That can be offered in defense thereof. That's your choice to raise it or not. But the thing that the court had to find was, was your client in good faith or did his actions rise to the level of gross negligence and other culpable mental state to preclude the effect of the exoneration and its outlows? Well, at this point, I'm not talking about the exoneration clause. I'm not talking about it yet. I'm talking about a factual finding. Your client acted with gross negligence. That is a factual finding. But the whole point, again, of issue preclusion and claim preclusion is to show that factual findings can be entered even where a particular issue had not been actually litigated. But you wanted to say that because of the reliance on the advice of counsel, your client did not act grossly negligent, correct? Yes. It doesn't have to be gross negligence because the court included a higher level. Just focusing on that, he made specific findings to various mental culpable states. But you want to negate those culpable states. Yes. And does that, metaphysically, does that defeat the non-dischargeability claim or does that defeat liability, leaving apart the non-dischargeability? It's an interesting question that I hadn't considered. That's the whole purpose of the issue preclusion doctrine here. Right. I mean, I believe it would go to liability. So you're saying if he was successful, if we agree and allow advice of counsel and that goes in, there would be no liability then in your view? Well, right now what it would mean is that there could be a trial about whether he relied on the advice of counsel. No, I was going to ask for the end result. Because it seems like you are then violating the full faith and credit clause because we cannot give full faith and credit to that decision of the Ohio State Court, which is final, because now we have re-litigated the mental state. Well, there's no way to agree with you without attacking that judgment. Well, here's the thing. When you say there's no way to do it without re-litigating, it's a question of why are we litigating it in the first place? It's a question of defining the question, really. I think that's something else. You're past your time. I will let you come back and give us that page number in response to Judge Baker's question. May I cut into my five minutes just briefly? No, you're past your five minutes. You're past your 15 minutes. All right. Thank you, Your Honor. Thank you. Good morning. Good morning, Your Honor. Your Honors, Michael Smith for Plaintiff Appellee Linda Steffen. There's not much, really, to add after the back-and-forth questioning between you. I can come out and ask the same question I had with opposing counsel. Do you believe that this fiduciary, whether the fiduciary duty was owed to Linda, was raised within the appellate briefing? On the initial appellant's brief, it was not. It was as an issue. It was difficult. I believe it was mentioned in the conclusion or in the last paragraph, there was a sentence about it. But that's what made it a little bit difficult to reply to. And I don't believe it was in the reply brief. But to even if, I believe if, you know, notwithstanding his argument that an unclaimed defense is not per se automatically precluded under collateral estoppel, I believe here the defense or his defense of reliance on counsel is precluded under collateral estoppel or issue preclusion because it was, from what I can see, raised, considered, and ultimately ruled upon. Raised where? In Ohio or in the bankruptcy court? It was raised in Ohio per the appellant's own declaration, amended declaration. He states as much. I believe the actual words were. And you've probably heard this phrase repeated multiple times in our response. Neither Linda or the court gave credence to the 2004 trust. The advice of attorneys at Walter Hackford that I replied upon. So it's clear from his declaration that it was raised in the court. Was it actually litigated? No, it wasn't litigated. Well, per his declaration, it was also considered at the very least because not giving credence means the court didn't agree, didn't believe. Heard it, but didn't believe it. Correct. Now, in a way, to put on the word credence. Now, was it litigated? Well, it went to intent, and that's what the court was actually most focused on, seeing if the exoneration clause, the shield, would protect the appellant. So the Ohio court was specifically tasked with determining whether appellant's actions were taken in good faith and without gross negligence or willful misconduct per the trustee's exoneration clause. So yes, his defense would have been to intent, and intent was what they were determining. So yes, it would have to have been decided there. And was it ruled upon? It was. And that, again, you probably heard this ad nauseum, but the findings and the conclusions of law of the journal entry is the exoneration clause of the trust agreement does not limit Wallace Jr.'s liability in the instant case because Wallace Jr.'s pre-2013 self-transfers, as well as his conduct after Wallace's senior's death, was not mere negligence, but rather constituted bad faith, gross negligence, willful misconduct, and reckless indifference to the purpose of the trust and interests of Wallace and Linda, which goes back to the argument of was she a beneficiary of the trust? Yes, she would. And does he owe her fiduciary duty? If not to the beneficiaries of the trust, I don't know who he would owe the fiduciary duty to. And I believe that was also another thing to point out, which was interesting. I left it out of my response, but it's very concise. It's footnote 14 from the actual order on the motion for separate judgment. When the court made specific inquiries of defendant at the hearing regarding evidence of defendant's reliance on advice of counsel as related to the wrongdoing at issue, none was provided by defendant. Accordingly, this court concludes the defendant has not met his burden to demonstrate that there is a genuine dispute, a genuine dispute of material fact, even if applicable defense was not required to have been raised at the probate court level. So appellant has had lots of opportunities in the Ohio probate court, Ohio appellate court, didn't get his chance in the Ohio Supreme Court, got his chance in the bankruptcy court, and now he's getting his chance here. But I don't see how reliance of counsel is going to assist him in this matter. Thank you. Okay. Thank you very much. Thank you. If you have that page number 4, it's page 7. It's not as much as one would hope to find, but I do believe it meets the minimum. It says the bankruptcy court likewise erred when it concluded that Wallace's denial that he owed Linda a fiduciary duty during the relevant period had been both litigated and decided in the Ohio litigation, based solely on a finding which said Linda had interests which were affected but not that Wallace had a duty to protect those interests. So that is in the brief, and I respectfully submit that that's enough. And just briefly as to what counsel is saying, the argument that Wallace had an opportunity to litigate these things goes to the question of claim preclusion, whether someone had a full and fair opportunity. Issue preclusion is about whether it was actually litigated and the bankruptcy court applied the wrong test and Linda's applying the wrong test as well. Thank you. Thank you, Your Honors. Okay. Thank you both. The matter is submitted. You'll get our decision promptly, and we will now take a 10-minute recess.
judges: FARIS, LAFFERTY, SPRAKER